U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

JAN 0 6 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

Ducharme

Civil Action No. 6:13-03108

versus

Judge Richard T. Haik, Sr.

Nova Casualty Co., et al

Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court is a *Daubert* Motion To Exclude The Opinions of Barney Hegwood, Defendants' Vocational Rehabilitation Expert [Rec. Doc. 21] filed by plaintiff Shayne P. Ducharme and defendants, Nova Casualty Company, Byrd's Farm Hot Shot Service, LLC and Jason C. Dykes', Opposition thereto [Rec. Doc. 25].

This litigation arises out of a November 7, 2012 automobile accident between plaintiff and defendant, Jason Dykes. Plaintiff moves the Court to exclude the testimony of defendants' vocational rehabilitation expert, Barney Hegwood, because the methodology used by Hegwood in forming his opinions fails to meet the standards required under Rule 702 of the Federal Rules of evidence as well as under *Daubert*. In particular, plaintiff contends that Hegwood relied on an incorrect job description in forming his opinions—not the one used by plaintiff's Vocational Rehabilitation expert, Stanley McNabb. Thus, defendant argues, Hegwood's testimony fails to satisfy the  criteria set forth by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and  must be barred.

A district court's decision to admit or exclude the testimony of a proposed expert is reviewed under the abuse of discretion standard. *Wright v. Ford Motor Co.*, 508 F.3d 263,

275 (5th Cir. 2007).  Applying this standard, the Fifth Circuit has recognized that district courts are given "wide latitude in determining the admissibility of expert testimony, and the discretion of the trial judge ... will not be disturbed on appeal unless manifestly erroneous." *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227(5th Cir. 2007).  In deciding whether to qualify a litigant's expert witness, a district court is guided by the Supreme Court's decision in *Daubert*, and Federal Rule of Evidence 702.  *Id.*

Hegwood's knowledge, skill, experience, training and education is not at issue.  What is at issue in this case is the relevance and reliability of Hegwood's conclusions.  The factual basis for an expert's opinion goes to the credibility of the testimony, not its admissibility, and it is up to the opposing party to examine the factual basis of the opinion in cross-examination. In determining the admissibility of expert testimony, a district court must defer to "'the jury's role as the proper arbiter of disputes between conflicting opinions.  As a general rule, questions relating to the bases and sources of an expert's opinion rather than its admissibility and should be left for the jury's consideration.'"  *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore County, Miss.,*80 F.3d 1074, 1077 (5th Cir.1996).

The Court finds that the general thrust of plaintiff's motion focuses on the alleged unreliability of Hegwood's bases, sources, and conclusions, and not his methodology. Plaintiff's actual job description is a determination to be made by the trier of fact and any dispute as to the as to the physical requirements of plaintiff's job can be illuminated for the fact-finder by rigorous cross-examination. Cross-examination, presentation of contrary

evidence, and careful instruction on the burden of proof are the appropriate means by which evidence based on valid principles may be challenged. *Daubert* at 596. Additionally, there are other safeguards available such that, if the burden of proof is not met in this case, the court remains free to direct a verdict or grant other appropriate. *Id.* Accordingly, plaintiff's *Daubert* Motion To Exclude The Opinions of Barney Hegwood [Rec. Doc. 21] is DENIED.

Thus done and signed this 5th day of January, 2015 at Lafayette, Louisiana.

Richard T. Haik
United States District Judge

3.