UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHAYNE P. DUCHARME  \*CIVIL ACTION NO. 6:13-3108

VS.  \*JUDGE HAIK

NOVA CASUALTY CO., ET AL.  \*MAGISTRATE JUDGE HILL

MINUTES OF TELEPHONE HEARING AND MEMORANDUM ORDER

A telephone hearing on the Motion to Quash filed by non-party Lafayette Surgical Hospital, LLC [rec. doc. 44] was held on February 10, 2015.[1] Marc Edward Devenport, Patrick Manning Wartelle, Jonathan Richard Villien, Patricia J. Delpit, Kaliste Joseph Saloom, IV and Robin A. Sylvester attended.

Considering the Motion, Opposition thereto and the arguments of counsel, for the reasons stated at the hearing and those which follow, the Motion to Quash [rec. doc. 44] is **granted.** Accordingly, the subpoena issued to Lafayette Surgical Hospital, LLC is **quashed.**

This matter is before the Court on motion to quash filed pursuant to Rule 45(d)(3)(A)(iii), F.R.C.P. by Lafayette Surgical Hospital, LLC ("the Hospital") who is not a party to this litigation. The motion is opposed by the defendants, Nova Casualty Company, Byrd's Farm Hot Shot Service, LLC and Jason C. Dykes (collectively "the defendants"). This discovery dispute arises out of a subpoena served on the Hospital by the defendants seeking "any and all information or documents submitted by [one of

---

[1] Statistical time: 40 minutes.

2

plaintiff's treating physicians] Dr. John Sledge [to the Hospital] pertaining to any disciplinary action" when Dr. Sledge relocated his practice and obtained privileges at the Hospital.  More particularly, the defendants seek to discover whether Dr. Sledge provided the Hospital with a copy of a March 5, 2014 Consent Order which was entered by the Massachusetts Board of Registration in Medicine, wherein Dr. Sledge admitted misconduct for which he received a public reprimand, which requires Dr. Sledge to provide a copy to all hospitals at which he practices medicine.

The Hospital objected on grounds that the subpoena calls for production of documents that were sent to a hospital peer review committee which is composed of staff members who serve on a voluntary basis and, as such, are protected from discovery by the privilege granted by La. R.S. 13:3715.3, which provides for the confidentiality of peer review committee records. The statute provides that certain categories of records cannot be obtained through discovery or by court subpoena, except that the records may be obtained by a physician in any proceedings affecting the hospital staff privileges of that physician.[2]

---

[2]La. R.S.  3715.3, entitled "Peer review committee records; confidentiality" provides in pertinent part as follows:

> A. Notwithstanding the provisions of R.S. 44:7(D) or any other law to the contrary, **all records,** notes, data, studies, analyses, exhibits, and proceedings of:
> . . .
>
> (2) **Any hospital committee, the peer review committees** of any medical organization, dental association, professional nursing association, nursing home association, social workers association, group medical practice of twenty or more physicians, nursing home, ambulatory surgical center licensed pursuant to R.S. 40:2131 et seq., ambulance service

3

This action was initially filed in state court by the plaintiff, Shayne P. Ducharme, seeking damages for personal injuries allegedly suffered as a result of a motor vehicle accident between his vehicle and a vehicle driven, owned and insured by the defendants. The defendants removed this action alleging diversity as the sole basis for this Court's jurisdiction.  Under Rule 501, F.R.E., if state law supplies the rule of decision as to an element of a claim or defense, as is the case here, the privilege claim is determined in accordance with state law. Thus, Louisiana state  law applies to the hospital's privilege claim.

---

company, health maintenance organization, any nationally recognized improvement agency or commission, including but not limited to the Joint Commission on Accreditation of Healthcare Organizations (JCAHO), or any committee or agency thereof, or any healthcare licensure agency of the Louisiana Department of Health and Hospitals, or healthcare provider as defined in R.S. 40:1299.41(A), or extended care facility committee, including but not limited to the credentials committee, the medical staff executive committee, the risk management committee, or the quality assurance committee, any committee determining a root cause analysis of a sentinel event, established by the peer review committees of a medical organization, dental organization, group medical practice of twenty or more physicians, social workers association, ambulatory surgical center licensed pursuant to R.S. 40:2131 et seq., ambulance service company, health maintenance organization, or healthcare provider as defined in R.S. 40:1299.41(A), or private hospital licensed under the provisions of R.S. 40:2100 et seq., **shall be confidential wherever located and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be available for discovery or court subpoena regardless of where located,** except in any proceedings affecting the hospital staff privileges of a physician, dentist, psychologist, or podiatrist, the records forming the basis of any decision adverse to the physician, dentist, psychologist, or podiatrist may be obtained by the physician, dentist, psychologist, or podiatrist only. However, no original record or document, which is otherwise discoverable, prepared by any person, other than a member of the peer review committee or the staff of the peer review committee, may be held confidential solely because it is the only copy and is in the possession of a peer review committee.

4

The Louisiana Supreme Court has addressed the scope of the privilege created by La. R.S. 13:3715.3 in two *per curiam* decisions, *Smith v. Lincoln General Hospital*, 605 So.2d 1347 (La.1992) and *Gauthreaux v. Frank*, 656 So.2d 634 So.2d 634 (La. 1995).

In *Smith v. Lincoln General Hospital*, 605 So.2d 1347 (La.1992), the Court stated that the provision was "intended to provide confidentiality to the records and proceedings of hospital committees, not to insulate from discovery certain facts merely because they have come under the review of any particular committee. Such an interpretation could cause any fact which a hospital chooses to unilaterally characterize as involving information relied upon by one of the sundry committees formed to regulate and operate the hospital to be barred from an opposing litigant's discovery regardless of the nature of that information." *Id*. at 1348.

The quoted language in *Smith* appears to support the defendants' position. However, the hospital was a defendant in the *Smith* case and the documents sought were related directly to the claim against the hospital. Furthermore, after the *Smith* decision, the Louisiana legislature amended the statute broadening the scope of its coverage. *See Cuccia v. Hillhaven Corp*., 1994 WL516584, *1 (E.D. La. 1994); Acts 1993, No. 988, § 1 (substituting "all records" for "the records" in the introductory paragraph).

*Gauthreaux* was issued after the statute was amended. In *Gauthreaux,* the Court favorably cited *Smith* as cautioning against a "too expansive" reading of the statute. However, while citing the statute, as amended, the Court did not discuss what effect, if

5

any, the amendment had on the *Smith* decision. Thus, *Gauthreaux* is of little help on the effect of the amendment as it might relate to the issue presented here.

Prior to both *Smith* and *Gauthreaux*, the Louisiana Supreme Court granted a writ in which it questioned to what extent hospital committee records are protected by the statute. By concurrence, Justice Dennis opined that records of "policy making" and "personnel committee[s]" are within the protected scope of the statute. *Smith v. Louisiana Health and Human Resources Admin.*, 477 So.2d 1118 (La. 1985).

The records requested herein are clearly within the ambit of the Hospital's "personnel committee" and, as such, clearly fall within the scope of the statute's protection. The issue presented is the effect, if any, of *Smith* and *Gauthreaux* to this case.

Initially, *Smith* is distinguishable. In *Smith*, the Court was presented with a plaintiff's request for documents which contained facts relating to a malady which gave rise to the plaintiff's injuries. The Court therefore noted that "[s]uch facts would be highly relevant to the plaintiff's case or highly likely to lead to such evidence." *Id.* at 1348. In this case, the defendants are seeking documents from a non-party which have no direct connection or relevance to the plaintiff's claims or alleged injuries or any defense thereto presented by the defendants. Rather, these documents have been sought to potentially impeach the credibility of the plaintiff's treating physician on what the undersigned believes to be a clearly collateral matter. The Hospital is not asserting the privilege to insulate from discovery any relevant facts merely because they have come

under the review of a committee. Thus, the rationale of *Smith* is not applicable to the present case.

As pointed out above, although *Gauthreaux* was rendered after the legislature amended La. R.S. 13:3715.3, *Gauthreaux* did not mention the amendment and is therefore unhelpful in determining the effect of the amendment on *Smith*.

In short, these decisions provide little guidance on the scope of the privilege as it might relate to the records sought herein.

Because this Court is sitting in diversity, and the state's highest court has not definitively ruled on the issue, this Court must make an "*Erie* guess" as to what the state's highest court would most likely decide. *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002).

There is no question but that the information sought by the subpoena comes within the protection of the privilege. The information sought is not directly relevant to the claims or defenses presented in the main demand and, although the Court recognizes that discovery is not limited to admissible evidence, there is no right to impeach a witness with respect to collateral or irrelevant matters. *See Jones v. Southern Pacific R.R.*, 962 F.2d 447, 450 (1992). Thus, the information sought would probably not be usable at trial.

For these reasons, the Court believes that if the Louisiana Supreme Court was presented with the facts before this Court, it would find the peer review privilege applicable. Accordingly, the Hospital has stated a basis for quashing the subpoena. The

7

documents are privileged, and are not directly relevant to the claims or defenses presented in the main demand and, rather, would, at best, be used as impeachment on a collateral issue and therefore likely unusable at trial. Accordingly;

**IT IS ORDERED** that the Motion to Quash is **granted**.

Signed at Lafayette, Louisiana on February 12, 2015.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE